UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
(WESTERN DIVISION)

| | |
|---|---|
| DAVID LUPP, individually and on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>     vs.<br><br>Mercy Health, The Mercy Health Partners Retirement Plan Committee, and John Does 1-20,<br><br>                Defendants. | Civil Action No.: 16-441 |

## COMPLAINT

Plaintiff David Lupp, by and through his attorneys, on behalf of himself and all others similarly situated, based on personal knowledge with respect to his own circumstances and based upon information and belief pursuant to the investigation of his counsel as to all other allegations, alleges the following.

### INTRODUCTION

1.     This is a class action against Defendants Mercy Health ("Mercy Health" or the "Company"),[1] the Mercy Health Partners Retirement Plan Committee (the "Committee"), and John Does 1-20 (the "Committee members") concerning the Mercy Health Partners Retirement Plan (the "Plan").  As of December 31, 2014, the Plan was underfunded by $209.761 million. *See* Consolidated Financial Statements and Supplementary Information, Mercy Health, Years Ended Dec. 31, 2014 and Dec. 31, 2013, at 51.

---

[1] Mercy Health was formerly known as Catholic Health Partners.  The name was changed to Mercy Health in July 2014.  *See* http://www.mercy.com/corporate/pdfs/chp_at_a_glance.pdf.

2. Defendants excuse the severe underfunding on the grounds that the Plan is a "church plan" and therefore is exempt from the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

3. To the contrary, as described herein, the Plan does not meet ERISA's requirements for the "church plan" exemption because it was not "established," and is not "maintained," by a church. Rather, the Plan was established and is maintained by Mercy Health, which is a business – not a church or a convention or association of churches.

4. Consequently, the Plan is governed by all of the funding, fiduciary, and notice requirements of ERISA. This action seeks to require Defendants to comply with all of those requirements, and to pay damages and penalties as a result of their past failures to do so.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, and pursuant to 29 U.S.C. § 1332(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA.

6. This Court has personal jurisdiction over Defendants because they are headquartered and transact business in, or reside in, and have significant contacts with, this District, and because ERISA provides for nationwide service of process.

7. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because some or all of the violations of ERISA occurred in this District and Defendants reside and may be found in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391 because Defendants do business in this District and a substantial

part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## PARTIES

### Plaintiff

8. Plaintiff David Lupp is a citizen and resident of Cincinnati, Ohio. Plaintiff Lupp was employed by Defendant as a paramedic from 1985 to 1995, serving in various roles including as Captain, Department Head, and Chief Paramedic during his employment. Plaintiff Lupp is a current participant in the Plan.

### Defendants

9. Defendant Mercy Health is a 501(c)(3) non-profit corporation organized under the laws of Ohio. Defendant is headquartered in Cincinnati, Ohio 45202.

10. The Committee is an unincorporated association, which, upon information and belief, is the Plan Administrator and/or named fiduciary.

11. John Does 1-20 are the individual members of the Committee and members of any other committee(s) which administer the Plan. The identity of the members of the Committee, and any other committee(s) which was or were responsible for carrying out the provisions of the Plan, is currently not known. Upon information and belief, John Does 1-20 are senior executive officers of the Company who knew or should have known the facts alleged herein. The Committees and John Does 1-20 are hereafter collectively referred to as the "Committee Defendants."

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the class (the "Class") defined as follows:

>All participants in and beneficiaries of the Mercy Health Partners Retirement Plan (the "Plan"). Excluded from the Class are Defendants and any individuals who are subsequently to be determined to be fiduciaries of the Plan.

13. The members of the Class are so numerous that joinder of all members is impractical. Upon information and belief, the Class includes thousands of persons.

14. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims, and the claims of all Class members, arise out of the same conduct, policies, and practices of Defendants as alleged herein, and all members of the Class are similarly affected by Defendants' wrongful conduct.

15. There are questions of law and fact common to the Class, and these questions predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

  A. Whether the Plan is covered by ERISA;

  B. Whether the Plan Administrator failed to comply with ERISA's reporting and disclosure provisions;

  C. Whether the Plan fiduciaries failed to establish a funding policy and fund the Plan in compliance with ERISA; and

  D. Whether the Plan fiduciaries breached their fiduciary duties in failing to comply with the provisions of ERISA set forth above.

16. Plaintiff will fairly and adequately represent the Class and has retained counsel experienced and competent in the prosecution of ERISA class action litigation. Plaintiff has no interests antagonistic to those of other members of the Class. Plaintiff is committed to the vigorous prosecution of this action, and anticipates no difficulty in the management of this litigation as a class action.

17. This action may be properly certified under either subsection of Rule 23(b)(1). Class action status in this action is warranted under Rule 23(b)(1)(A) because prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants. Class action status is also warranted under Rule 23(b)(1)(B) because prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that, as a practical matter, would be dispositive of the interests of other members not parties to this action, or that would substantially impair or impede their ability to protect their interests.

18. In the alternative, certification under Rule 23(b)(2) is warranted because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole.

19. In the alternative, certification under Rule 23(b)(3) is also appropriate. A class action is superior to other available methods for the fair and efficient adjudication of the controversy within the meaning of Rule 23(b) and in consideration of the matters set forth in Rule 23(b)(3)(A)-(D). Because of the amount of the individual Class members' claims, relative to the complexity of the litigation and the financial resources of the Defendants, few, if any, members of the Class would seek legal redress individually for the wrongs complained of herein. The maintenance of separate actions would place a substantial and unnecessary burden on the courts, and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members. Absent a class action, Class members will continue to suffer damages, and Defendants' misconduct will proceed without remedy.

**SUBSTANTIVE ALLEGATIONS**

A. **Defendants' Business**

20. Mercy Health is a healthcare conglomerate serving Kentucky and Ohio, operating in eight regional markets – Cincinnati, Ohio, Irvine, Kentucky, Lima, Ohio, Lorain, Ohio, Paducah, Kentucky, Springfield, Ohio, Toledo, Ohio, and Youngstown, Ohio.

21. The Company has twenty-three hospitals and nearly 32,000 employees. It is the largest health system in Ohio, and the fourth largest employer in Ohio.

22. The Company is also "one of the largest nonprofit health systems in the United States," operating "more than 200 healthcare organizations that meet the healthcare needs of people in Ohio and Kentucky." *See* http://www.mercy.com/corporate/pdfs/chp_at_a_glance.pdf.

23. The Company is not, and does not claim to be, a church.

24. The Company's Consolidated Financial Statements and Supplementary Information, Mercy Health, Years Ended Dec. 31, 2014 and Dec. 31, 2013, state that "Mercy Health, formerly Catholic Health Partners (CHP), is a Catholic health organization, supervising market delivery systems consisting of hospitals, nursing homes, and other organizations providing health-related services." *See* Consolidated Financial Statements at 7. The Company's name change further underscores that the Company is a healthcare conglomerate, not a church or association of churches.

25. The Company's Board of Trustees is not controlled by a church. The Company's website discusses the role Board members fulfill as follows: "Board members at Mercy Health are offered a unique opportunity to: improve the health of the community; advocate change for those in need; grow intellectually, spiritually and emotionally; expand their knowledge; share their expertise; and interact with others in an environment which challenges and stimulates their

6

thinking. Board membership is a synergistic partnership with the organization to develop each other to their fullest potential."

*See* http://www.mercy.com/corporate/leadership-and-governance.aspx.

26. The Board of Trustees members currently listed on the Company's website include:

- Katherine A. Arbuckle, CPA
- Michael D. Connelly, M.A., J.D., FACHE
- Sister Doris Gottemoeller, RSM
- Lawrence L. Grypp
- George J. Isham, MD, MS
- Catherine A. Jacobson, FHFMA, C.P.A.
- Denise Koo, MD, MPH
- David C. Leach, M.D.
- Joel A. Levine, J.D.
- Iliana A. Mora
- Sister Jean Orsuto, HM, R.N., M.S.N.
- Leonard M. Randolph, Jr., M.D., Vice Chair, Board of Trustees
- Donald Rohling
- Fr. Myles N. Sheenan, SJ
- Sister Carol Anne Smith, HM
- Sister Mary Stanton, RSM
- Katherine W. Vestal, R.N., Ph.D., FAAN, FACHE, Chair, Board of Trustees

*See* http://www.mercy.com/corporate/leadership-and-governance.aspx.

27. Thus, of the seventeen (17) individuals on the Board, twelve (12) are laypeople.

28. Further, the Company's executive leadership is comprised almost entirely of laypeople, with only one out of 23 members – Sister Kathleen Ann Green, RSM – from the clergy or a religious order. *See* http://www.mercy.com/corporate/leadership-and-governance.aspx (listing the 23 current members of Mercy Health's Executive Management Team). The Company's website notes the Executive Management Team "includes market CEOs, home office leaders and the system CEO." *Id.*

7

29. The website states that the Executive Management Team "provides strategic leadership for the entire system, focusing resources to assure Mercy Health's healing mission, effectively manage care, improve clinical outcomes and reduce operating costs." *Id.*

30. Despite the Plan's status as an ERISA plan, the Company has invoked "Church Plan" status to evade ERISA's protections to which its employees are entitled. The Company's failure to treat the Plan as an ERISA plan puts the Plan's participants at risk of receiving pension payouts drastically lower than those proposed, and deprives Plan participants of material information as alleged below.

31. Moreover, by avoiding ERISA's requirements, the Company obtains a competitive advantage over the other nonprofit healthcare entities that comply with ERISA.

**B.** **The Plan**

**(1)** **Mercy Health Partners' Retirement Plan Overview**

32. The Plan was established and is maintained by the Company to provide retirement income to employees. Thus, the Plan was not established and is not maintained by a church or convention or association of churches.

33. The Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A).

34. The Plan is a defined benefit plan within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35).

35. Upon information and belief, at all relevant times, the Committee Defendants have been the Administrators of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A). They have also been fiduciaries of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) because they have exercised authority or control respecting

8

management or disposition of Plan assets, or have had discretionary authority or discretionary responsibility in the administration of the Plan.

36. The Company is a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) because it has exercised authority or control respecting management or disposition of Plan assets, or has had discretionary authority or discretionary responsibility in the administration of the Plan.

37. In particular, the Company, acting through its Board of Trustees, officers, and employees, is responsible for all of the acts alleged herein. Additionally, the Company has also been a party-in-interest under ERISA § 3(14), 29 U.S.C. § 1002(14), both because it is a fiduciary and because it is an employer whose employees are covered by the Plan.

### (2) The Mercy Health Partners' Retirement Plan is not a "Church Plan" under ERISA

38. The Plan is not a "Church Plan."

39. As alleged above, Mercy Health is not a church or convention or association of churches. *See* ¶¶ 20-31.

40. Under Section 3(33)(A) of ERISA, 29 U.S.C. § 1002(33)(A), a plan must be both *established* and *maintained* by a *church* or by a convention or association of churches to qualify for the church plan exemption.

41. The Plan was *established* by the Company or its predecessors, not by a church or convention or association of churches.

42. The Plan is *maintained* by the Company, not by a church or convention or association of churches.

43. Additionally, Section 3(33)(C)(i) of ERISA, 29 U.S.C. § 1002(33)(C)(i), provides that a plan maintained by a church or a convention or association of churches includes a plan:

9

>*…maintained* by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches. (Emphasis added)

44. The principal purpose of Mercy Health is to provide healthcare services, not to operate a pension system.

45. Since the Plan is maintained by a healthcare company, the Plan is *not* maintained by "an organization … the principal purpose of which is the administration or funding of a plan or program for the provision of retirement benefits…." 11 U.S.C. § 1002 (33)(C)(i).

46. Moreover, the Plan is not maintained for employees of any church or convention or association of churches. It is maintained for employees of the Company **--** *a hospital system*.

## C. Defendants' Breaches of Fiduciary Duty

### (1) Defendants Breached their Fiduciary Duty to Ensure the Plan is Fully Funded

47. Under ERISA, the Plan must have an annual actuarial report assessing the Plan's funding needs. *See* ERISA § 103(d), 29 U.S.C. § 1023(d).

48. Defendants are further required to fund the Plan each year according to a funding plan that meets the funding standard of ERISA and is based on reasonable actuarial assumptions. *See* ERISA §§ 302, 303, 29 U.S.C. §§ 1083, 1083.

49. Defendants are responsible for setting the funding requirements and the funding policy for the Plan.

50. Defendants failed to set a funding policy that will adequately fund the anticipated obligations of the Plan or fund the Plan.

10

51. As of December 31, 2014, the Plan was underfunded by $209.761 million. *See* Consolidated Financial Statements and Supplementary Information, Mercy Health, Years Ended Dec. 31, 2014 and Dec. 31, 2013, at 51.

### (2) Defendants Breached their Fiduciary Duty to Avoid Conflicts of Interest

52. By continuing to set an inadequate funding policy, which has resulted in the Plan becoming underfunded by over two hundred million dollars, Defendants have acted at all times in the interest of the Company, and have not acted solely in the interests of the Plan participants, as is required of a fiduciary under ERISA.

53. Mercy Health benefits from Defendants' decision not to fund the Plan adequately, and Defendants have a conflict of interest that prevents them from carrying out their fiduciary duties in a manner consistent with ERISA.

54. Despite this conflict of interest, Mercy Health has failed to appoint fiduciaries who could carry out their duties to protect the Plan's participants in a manner consistent with ERISA, or to take other appropriate steps to address the conflict.

55. As a result of this conflict of interest, and in light of Defendants' repeated and ongoing breaches of fiduciary duties, the Court should appoint an independent fiduciary who can protect the interests of Plan participants and carry out his or her duties consistent with ERISA.

### FIRST CLAIM FOR RELIEF
### Declaratory and Equitable Relief
### (Declaratory Judgement Act and ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))

56. Plaintiff re-alleges and incorporates herein by reference all prior allegations in this Complaint.

57. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant or beneficiary to bring a civil action to: "(A) enjoin any act or practice which violates any

11

provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

58. Pursuant to this provision, 28 U.S.C. § 2201 and 2202, and Federal Rule of Civil Procedure 57, Plaintiff seeks declaratory relief that the Plan is not a "church plan" within the meaning of ERISA § 3(33), 29 U.S.C. § 1002(33), and is thus subject to the provisions of Title I and Title IV of ERISA.

59. Plaintiff further seeks orders directing all Defendants to bring the Plan into compliance with ERISA, including the reporting and funding requirements of ERISA, 29 U.S.C. §§ 1021, 1023, 1082, 1102, and 1104, and by remedying the additional violations set forth below.

60. Additionally, Plaintiff seeks an order that Mercy Health make all contributions to the Plan as necessary to remedy the Plan's funding shortfall.

## SECOND CLAIM FOR RELIEF
### Violation of Reporting and Disclosure Provisions
**(ERISA §§ 101-104, 502(a)(1)(A), (a)(3), 29 U.S.C. §§ 1021-1024, 1132(a)(1)(A), (a)(3))**

61. Plaintiff re-alleges and incorporates herein by reference all prior allegations in this Complaint.

62. ERISA § 502(a)(1)(A), 29 U.S.C. 1132(a)(1)(A), permits a plan participant to bring a suit for penalties when a defendant violates the recordkeeping obligations set forth in ERISA.

63. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a suit to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

A. **Annual Reports**

64. Under ERISA § 103, 29 U.S.C. § 1023, employee benefit plans are required to file an annual report with the Secretary of Labor. This report, submitted via Form 5500, must include certain specified information about the plan's finances, participants, and administration.

65. Defendants failed to file an annual report concerning the Plan with the Secretary of Labor in compliance with ERISA § 103, 29 U.S.C. § 1023, or a Form 5500 (and associated schedules and attachments) which the Secretary has approved as an alternative method of compliance with ERISA § 103, 29 U.S.C. § 1023.

66. Defendants have violated ERISA § 104(a), 29 U.S.C. § 1024(a), by failing to file annual reports with respect to the Plan with the Secretary of Labor in compliance with ERISA § 103, 29 U.S.C. § 1023, or Form 5500s and associated schedules and attachments.

B. **Notification of Failure to Meet Minimum Funding Standards**

67. Under ERISA § 101(d)(1), 29 U.S.C. § 1021(d)(1), employers maintaining employee benefit plans are required to issue a notice to beneficiaries and participants whenever the plan fails to make a required installment or other payment required to meet the minimum funding standards under ERISA.

68. Mercy Health has failed to furnish the Plaintiff, or any member of the Class, with a Notice with respect to the Plan pursuant to ERISA § 101(d)(1), 29 U.S.C. § 1021(d)(1), informing them that it failed to make payments required to comply with ERISA § 302, 29 U.S.C. § 1082.

**C.      Funding Notices**

69.      Under ERISA § 101(f), 29 U.S.C. § 1021(f), administrators of defined benefit plans are required to provide annual plan funding notices to all participants and beneficiaries of such defined benefit plans.

70.      At no time has the Committee furnished Plaintiff, or any member of the Class, with a Funding Notice with respect to the Plan pursuant to ERISA § 101(f), 29 U.S.C. § 1021(f).

71.      As the Administrator of the Plan, the Committee has violated ERISA § 101(f), 29 U.S.C. § 1021(f), by failing to provide each participant and beneficiary of the Plan with the Funding Notice required by ERISA § 101(f), 29 U.S.C. § 1021(f), and as such, the Committee may be required by the Court to pay Plaintiff and each Class member up to $110 per day (as permitted by 29 C.F.R. § 2575.502(c)(3)) for each day that the Committee has failed to provide Plaintiff and each Class member with the Funding Notice required by ERISA § 101(f), 29 U.S.C. § 1021(f).

**THIRD CLAIM FOR RELIEF**
**Failure to Provide Minimum Funding**
**(ERISA §§ 302 and 502(a)(3), 29 U.S.C. §§ 1082, 1132(a)(3))**

72.      Plaintiff re-alleges and incorporates herein by reference all prior allegations in this Complaint.

73.      ERISA § 302, 29 U.S.C. § 1082, establishes minimum funding standards for defined benefit plans that require employers to make minimum contributions to their plans so that each plan will have assets available to fund plan benefits if the employer maintaining the plan is unable to pay benefits out of its general assets.

74. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a suit to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

75. As the employer maintaining the Plan, Mercy Health was responsible for making the contributions that should have been made pursuant to ERISA § 302, 29 U.S.C. § 1082, at a level commensurate with ERISA's requirements.

76. Mercy Health has failed to make contributions in satisfaction of the minimum funding standards of ERISA § 302, 29 U.S.C. § 1082.

77. By failing to make the required contributions to the Plan, Mercy Health has violated ERISA § 302, 29 U.S.C. § 1082.

78. As a result of the failure of Mercy Health to fund the Plan in accordance with ERISA's minimum funding standards, Plaintiff faces a substantial risk of his pension being lost or severely reduced.

## FOURTH CLAIM FOR RELIEF
**Failure to Establish the Plan Pursuant to a Written Instrument Under ERISA**
**(ERISA §§ 402, 502(a)(3), 29 U.S.C. §§ 1102, 1132(a)(2))**

79. Plaintiff re-alleges and incorporates herein by reference all prior allegations in this Complaint.

80. ERISA § 402, 29 U.S.C. § 1102, provides that every plan will be established pursuant to a written instrument which will, among other things, "provide a procedure for establishing and carrying out a funding policy and method consistent with the objectives of the plan and the requirements of [Title I of ERISA]."

81. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a suit to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

82. The Plan has not been established pursuant to a written instrument meeting the requirements of ERISA § 402, 29 U.S.C. § 1102.

83. As Mercy Health has been responsible for maintaining the Plan, and has amendment power over the Plan, it violated § 402, 29 U.S.C. § 1102, by failing to promulgate written instruments in compliance with these sections to govern the Plan's operation and administration.

### FIFTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty
### (ERISA §§ 404, 409, 502(a)(2), 29 U.S.C. §§ 1104, 1109, 1132(a)(2))

84. Plaintiff re-alleges and incorporates herein by reference all prior allegations in this Complaint.

85. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), provides that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries, and defraying reasonable expenses of administering the plan, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

86. ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan, and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by ERISA, shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and to restore to the plan any profits the

fiduciary made through the use of the plan's assets. ERISA § 409 further provides that such fiduciaries are subject to such other equitable or remedial relief as a court may deem appropriate.

87. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant, beneficiary, or fiduciary to bring a suit for relief under ERISA § 409.

88. As a fiduciary of the Plan, Defendants had the duty to comply with and enforce the provisions of ERISA alleged above.

89. Defendants have not complied with and/or enforced any of the provisions of ERISA set forth above with respect to the Plan.

90. By failing to enforce the provisions of ERISA set forth above, Defendants have breached their fiduciary duties.

91. The failure of Defendants to create and enforce adequate funding for the Plan has resulted in a loss to the Plan equal to the foregone funding and earnings thereon. This failure has benefitted Mercy Health by providing it the use of money that it should have paid to the Plan for its general business purposes.

92. Plaintiff is entitled to recover those losses on behalf of the Plan.

## JURY DEMAND

93. Plaintiff demands a jury.

## PRAYER FOR RELIEF

94. WHEREFORE, Plaintiff prays that judgement be entered against Defendants on all claims and requests that the Court award the following relief:

A. Certifying this action as a class pursuant to FED. R. CIV. P. 23;

B. Declaring that the Plan is an employee benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), is a defined benefit pension plan within the meaning of ERISA §

3(35), 29 U.S.C. § 1002(35), and is not a Church Plan within the definition of ERISA § 3(33), 29 U.S.C. § 1002(33);

   C.  Ordering Defendants to bring the Plan into compliance with ERISA, including, but not limited to, requiring Defendants to fund the Plan in accordance with ERISA's funding requirements, disclose required information to the Plan's participants and beneficiaries, and otherwise comply with all other reporting, vesting, and funding requirements of Title I of ERISA;

   D.  Requiring Defendants to make the Plan whole for all contributions that should have been made pursuant to ERISA funding standards, and for interest and investment income on such contributions, and requiring Defendants to disgorge any profits accumulated as a result of their fiduciary breaches;

   E.  Granting a preliminary and permanent injunction removing Defendants as Plan fiduciaries, and appointing one or more independent fiduciaries to hold the Plan assets in trust, to manage and administer the Plan and its assets, and to enforce the terms of ERISA;

   F.  Requiring the Plan to pay a civil money penalty of up to $110 per day to Plaintiff and each Class member for each day it failed to inform Plaintiff and each Class member of its failure to fund the Plan in accordance with ERISA's requirements;

   G.  Requiring Mercy Health to pay a civil money penalty of up to $110 per day to Plaintiff and each Class member for each day it failed to provide Plaintiff and each Class member with a Funding Notice;

   H.  Ordering declaratory and injunctive relief as necessary and appropriate, including enjoining the Defendants from further violating the duties, responsibilities, and obligations imposed on them by ERISA, with respect to the Plan;

I. Awarding, declaring, or otherwise providing Plaintiff and the Class all relief under ERISA § 502(a), 29 U.S.C. § 1132(a), or any other applicable law, that the Court deems proper, and such appropriate equitable relief as the Court may order, including an accounting, surcharge, disgorgement of profits, equitable lien, constructive trust, or other remedy; and

J. Awarding to Plaintiff's counsel attorneys' fees and expenses as provided by the common fund doctrine, ERISA § 502(g), 29 U.S.C. § 1132(g), and/or other applicable doctrine.

Dated: March 30, 2016

Respectfully submitted,

By: /s/ *Ronald R. Parry*
Ronald R. Parry (#0038027)
Robert R. Sparks (#0073573)
**STRAUSS TROY CO., LPA**
The Federal Reserve Building
150 East Fourth Street
Cincinnati, Ohio 45202-4018
Tel: (513) 621-2120
Fax: (513) 241-8259
Email: rrparry@strausstroy.com
Email: rrsparks@strausstroy.com

**KESSLER TOPAZ MELTZER
 & CHECK, LLP**
Edward W. Ciolko
(*pro hac vice* motion to be filed)
Donna Siegel Moffa
(*pro hac vice* motion to be filed)
Mark K. Gyandoh
(*pro hac vice* motion to be filed)
Julie Siebert-Johnson
(*pro hac vice* motion to be filed)
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
Email: eciolko@ktmc.com
Email: dmoffa@ktmc.com
Email: mgyandoh@ktmc.com
Email: jsjohnson@ktmc.com

**IZARD NOBEL LLP**
Robert A. Izard
(*pro hac vice* motion to be filed)
Mark P. Kindall
(*pro hac vice* motion to be filed)
29 South Main Street
Suite 305
West Hartford, CT 06107
Tel:  (860) 493-6292
Fax:  (860) 493-6290
Email:  rizard@izardnobel.com
Email:  mkindall@izardnobel.com

*Counsel for Plaintiff*