UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE MERCY HEALTH
ERISA LITIGATION                                    Case No. 1:16-cv-441

                                                    Dlott
                                                    Bowman, M.J.

**REPORT AND RECOMMENDATION**

This matter is now before the Court on Plaintiff David Lupp's motion to appoint the law firms of Kessler Topaz Meltzer & Check, LLP ("KTMC") and Izard Kindall & Raabe LLP ("IKR") as Interim Co-Lead Class Counsel and Strauss Troy Co., LPA ("Strauss Troy") as Interim Liaison Class Counsel. (Doc. 25). Also before the Court is Plantiffs Janet Whaley, Leslie Beidleman, Patricia K. Blockus, Charles Bork, Marilyn Gagne, Karl Mauger, Patricia Mauger, Beth Zaworski, and Nancy Zink's (collectively, the Whaley Plaintiffs), to appoint their counsel, Cohen Milstein Sellers and Toll, PLLC ("Cohen Milstein") and Keller Rohrback LLP ("Keller Rohrback"), as Interim Co-Lead Counsel, and to appoint Gary, Naegele & Theado LLC as Interim Liaison Counsel. (Doc. 33). The Whaley Plaintiffs also move to have Plaintiff Mary Alban and themselves appointed as Interim Lead Plaintiffs. (See FN 1, Doc. 33).

**I. Facts**

These consolidated actions were brought on behalf of all participants and beneficiaries of the Mercy Health Partners Retirement Plan (the "Plan") against Mercy Health (the "Company") and the Plan's fiduciaries for violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiffs

allege that the Plan is substantially underfunded and is not a "church plan" exempt from ERISA's funding requirements. See Lupp Complaint, Dkt. No. 1 (the "Lupp Complaint"); Whaley Dkt. No. 1 ("Whaley Complaint"). Each plaintiff alleges that the Plan is not a "church plan" because none of the Defendants are a "church" and that Defendants breached their fiduciary duties under ERISA by allowing the Plan to be underfunded.

On March 30, 2016, Plaintiff Lupp filed his action against Defendants, alleged to be fiduciaries of the Plan, for violations of ERISA and breach of fiduciary duties. The Complaint alleges, inter alia, that as of December 31, 2014, the Plan was underfunded by more than $209 million. Lupp Complaint at ¶ 1. Defendants attempt to justify the severe underfunding on the grounds that the Plan is a "Church Plan" under ERISA and thus not subject to its funding requirements. *Id.* at ¶ 2. Plaintiff Lupp alleges that the Plan does not meet ERISA's requirements for the "church plan" exemption, because it was not "established" and is not "maintained" by a church. *Id.* at ¶ 3. Rather, the Plan was established, and is maintained by Mercy Health, a large healthcare company – not a church or a convention or association of churches. *Id.* As a result of its invalid claim that it is a church, the Company dodges its statutory obligations to its employees concerning retirement plan funding, thereby obtaining a competitive advantage over other healthcare providers that do meet the financial obligations owed to their employees. Id. at ¶ 31. On May 3, 2016, Janet Whaley and Leslie Beidleman filed the Whaley action, alleging similar allegations as the Lupp Complaint.  The Whaley action also includes a claim for declaratory relief that the Church Plan Exemption of ERISA violates the Establishment Clause of the First Amendment to the Constitution.

**II. Standard of Review**

Under Rule 23(g)(3) of the Federal Rules of Civil Procedure, a court may "designate interim counsel to act on behalf of a putative class" where, as here, the action has not yet been certified as a class action. Fed. R. Civ. P. 23(g)(3) (2016). Rule 23(g)(1) instructs that courts must consider the following criteria in appointing class counsel:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A) (2016). Additionally, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).; *see also Sheinberg v. Sorensen*, 606 F.3d 130, 132-33 (3d Cir. 2010) (discussing Rule 23(g) selection criteria).

**III. Analysis**

This matter involves complicated issues concerning the types of employers, specifically healthcare organizations, that can claim the "Church Plan" exemption from the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, for their employee pension plans. A series of cases raising this question have been filed in recent years, although only the United States Courts of Appeal for the Third and Seventh Circuits have ruled on this threshold statutory question, both holding

3

that application of the "Church Plan" is limited to churches. *See Hodges v. Bon Secours Health Sys., Inc.*, No. CV RDB-16-1079, 2016 WL 4447047, at *1 (D. Md. Aug. 24, 2016) (citing *Stapleton v. Advocate Health Care Network*, 817 F.3d 517 (7th Cir. 2016); *Kaplan v. Saint Peter's Healthcare Sys.*, 810 F.3d 175 (3d Cir. 2015)).

Here, all of the firms proposed for interim class counsel appointment in this case have excellent ERISA class action credentials. However, in choosing between the two options, the undersigned finds that Plaintiff Lupp's counsel, the law firms of Kessler Topaz Meltzer & Check, LLP ("KTMC") and Izard Kindall & Raabe LLP ("IKR") better satisfy the requirements of Rule 23(g), and are well-qualified to serve as class counsel in this complex ERISA matter. Notably, both firms conducted an extensive investigation before filing the Complaint. Such investigation included a comprehensive review of the law concerning "church plans," documents related to the Plan including those related to the Plan's financial condition, and other materials concerning Defendants' actions concerning the Plan. The result of this investigation was the Lupp Complaint, which describes in detail why the Plan is not a "church plan" under ERISA and is therefore subject to ERISA's funding requirements.

Furthermore, courts around the country have repeatedly recognized KMTC's significant experience and success in ERISA litigation. See, *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 361 (E.D. Mich. 2006) (appointing KTMC as co-lead counsel along with another firm in an ERISA breach of fiduciary duty action) (*citing In re Terzaosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004)) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel)). *In re Huntington Bancshares Inc., ERISA Litig.*,

4

No. 08-cv-165, (S.D. Ohio May 22, 2008) (appointing KTMC interim co-lead counsel for plaintiffs); *In re Nat'l City Corp. Sec., Derivative & ERISA Litig.,* No. 08-nc-70000, (N.D. Ohio May 12, 2008) (appointing KTMC interim co-lead counsel for the consolidated ERISA action); *In re Diebold ERISA Litig.,* No. 06-cv-0170, Dkt. No. 29, Order at 3 (N.D. Ohio Nov. 16, 2006) (appointing KTMC co-lead class counsel). IKR has also achieved excellent results in church plan litigation, and recently achieved a settlement agreement in *Kemp-DeLisser v. St. Francis Hospital and Medical Center*, that would ensure the plan at issue is fully funded for at least 15 years and would result in cash funding contributions of $107 million over 10 years averaging over $60,000 per plan participant. (*See* Doc. 29 Izard Decl. Exhibit J)

In light of the foregoing and applying the relevant factors outlined in Rule 23(g), the undersigned finds that the Plaintiff Lupp's motion to appoint interim Counsel is well-taken.

### III. Conclusion

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Plaintiff Lupp's motion to appoint interim class counsel (Doc. 25) should be **GRANTED,** and the law firms of Kessler Topaz Meltzer & Check, LLP ("KTMC") and Izard Kindall & Raabe LLP ("IKR") be appointed Interim Co-Lead Class Counsel and Strauss Troy Co., LPA ("Strauss Troy") be appointed Interim Liaison Class Counsel.  It is further **RECOMMENDED** that the Whaley Plaintiff's motion to appoint interim class counsel (Doc. 33) be **DENIED.**

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE MERCY HEALTH
ERISA LITIGATION

                Case No. 1:16-cv-441

                Dlott, J.
                Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6