FILED
RICHARD W. NAGEL
CLERK OF COURT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**(WESTERN DIVISION)**

2018 AUG -8  PM 3: 52

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | |
|---|---|
| IN RE MERCY HEALTH ERISA LITIGATION | No.: 1:16-cv-00441-SKB |

## ORDER PRELIMINARILY APPROVING SETTLEMENT, NOTICE PROCEDURES AND SCHEDULING OF A FAIRNESS HEARING

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to certain pension plans (the "Plans"),[1] each of which Defendants claim is exempt from ERISA's requirements pursuant to the exemption for "Church Plans," 29 U.S.C. § 1002(33)(A).

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Class Action Settlement Agreement. As set forth in the Settlement Agreement, the Plans are:

> **(a) Mercy Health Partners - Northern Region Retirement Plan** (including the following merged plans: the St. Charles Mercy Hospital Retirement Plan, the St. Vincent Medical Center Defined Benefit Plan, the St. Anne Mercy Hospital Retirement Plan (also known as the Riverside Mercy Hospital Retirement Plan), the Mercy Hospital Plan of Tiffin, Ohio), and the Mercy Health Partners - Northern Region Retirement Plan (Tiffin)).

> **(b) St. Rita's Medical Center Retirement Plan (Lima).**

> **(c) Community Health Partners Regional Medical Center Employees' Defined Benefit Pension Plan (Lorain)** (including the following merged plans: the St. Joseph Hospital and Health Center Defined Benefit Pension Plan and the Lakeland Community Hospital Defined Benefit Pension Plan).

> **(d) Retirement Plan for Employees of Humility of Mary Health Partners (Youngstown)** (including the following merged plans: the Retirement Plan for Employees of St. Elizabeth Hospital Medical Center and the Retirement Plan for Employees of St. Joseph Riverside Hospital).

> **(e) Mercy Health Partners Pension Plan (Northeast Pennsylvania)** (including the following merged plans: Mercy Health Partners Pension Plan (NEPA - Scranton), the Mercy Health System Northeast Region Defined Benefit Plan 1, the Mercy Health System Northeast Region Defined Benefit Plan 2, and the Mercy Health Partners Wilkes-Barre Employees' Pension Plan (NEPA - WB)).

Plaintiffs have presented a proposed settlement (the "Settlement") to the Court for preliminary approval. The terms of the Settlement are set forth in the Class Action Settlement Agreement ("Settlement Agreement") (Dkt. No. 81-4), executed by counsel on July 13, 2018 on behalf of the Parties. Named Plaintiffs have filed a Motion for Preliminary Approval of the Settlement. The Parties consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(c) and Fed. R. Civ. P. 73. (Dkt. Nos. 83, 84). The Court has considered the Settlement to determine, among other things, whether to approve preliminarily the Settlement, certify preliminarily a Settlement Class, authorize the dissemination of Class Notice to members of the Settlement Class, and set a date and time for the Fairness Hearing. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.    Class Findings. The Court makes the following preliminary findings with respect to the proposed Settlement Class:

a)    The Court preliminarily finds that the Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable. Rule 23(a)(1) is satisfied.

**(f) Mercy Health System - Western Ohio Retirement Plan (Springfield Mercy)** (including the following merged plans: the Mercy Memorial Hospital Retirement Plan, the Mercy Medical Center Retirement Plan, the Mercy Health System – Western Ohio Acute Care Facility Retirement Plan, the Mercy Siena Nursing Home Retirement Plan, the McAuley Center Retirement Plan, and the Mercy Health System – Western Ohio Long Term Retirement Plan).

**(g) Mercy Health Partners of Greater Cincinnati Retirement Plan (Cincinnati)** (including the following merged plans: the Anderson Mercy Hospital Plan, the Sisters of Mercy of Hamilton, Ohio Retirement Plan, and the Clermont Mercy Hospital Retirement Plan).

2

b)    The Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class including, but not limited to, whether the Plans are governed by ERISA or are exempt as "Church Plans," and – if governed by ERISA – whether Defendants have failed to comply with ERISA requirements.  Rule 23(a)(2) is satisfied.

c)    The Court preliminarily finds that Named Plaintiffs David Lupp, Janet Whaley, Leslie Biedelman, Patricia Blockus, Charles Bork, Marilyn Gagne, Karl Mauger, Patricia Mauger, Beth Zaworski, Nancy Zink, Mary Alban, and Linda Derrick are members of the Settlement Class and their claims are typical of the claims of the Settlement Class. Rule 23(a)(3) is satisfied.

d)    The Court preliminarily finds that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) their interests and the nature of claims alleged are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the proposed Class Representatives and the Settlement Class; and (iii) the proposed Class Representatives and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.  Rule 23(a)(4) is satisfied.

e)    The Court preliminarily finds that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests. Rule 23(b)(1) is satisfied.

f)     Alternatively, the Court preliminarily finds that Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, and such conduct may be subject to appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole. Rule 23(b)(2) is satisfied.

g)     The Court preliminarily finds that Izard, Kindall & Raabe LLP and Kessler Topaz Meltzer & Check, LLP (collectively, "Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class. Having reviewed the declarations of Class Counsel in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, the Court determines that Class Counsel have done extensive work identifying or investigating potential claims in the Action, and have litigated the validity of those claims through the motion to dismiss the case. Class Counsel are experienced in handling class actions, other complex litigation, and claims of the type asserted in the Action. Class Counsel are knowledgeable about the applicable law, and have committed the necessary resources to represent the Settlement Class. Rule 23(g) is satisfied.

2.     Class Certification. Based on the findings set forth above, the Court preliminarily certifies the following class under Federal Rules of Civil Procedure 23(b)(1) and/or (2) and 23(e) in this litigation (the "Settlement Class"):

> All present or past participants (vested or non-vested) or beneficiaries of the Plans as of the Effective Date of the Settlement. The Settlement Class shall be certified as a non-opt out class action for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23 (b)(1) and/or (b)(2).

The Court preliminarily appoints David Lupp, Janet Whaley, Leslie Biedelman, Patricia Blockus, Charles Bork, Marilyn Gagne, Karl Mauger, Patricia Mauger, Beth Zaworski, Nancy Zink, Mary Alban, and Linda Derrick as representatives for the Settlement Class, and Izard,

Kindall & Raabe LLP and Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class, and Strauss Troy Co., LPA as Liaison Counsel.

       3.    <u>Preliminary Findings Regarding Proposed Settlement</u>. The Court preliminarily finds that: (1) there is no evidence that the Settlement Agreement is the result of fraud or collusion; to the contrary, the Settlement was arrived at following significant litigation and arms-length negotiations conducted between experienced counsel with the assistance of a highly-regarded mediator; (2) the issues raised in the litigation are complex, and continued litigation would be both expensive and time consuming; (3) the parties engaged in sufficient discovery to fairly evaluate the strengths and weaknesses of their respective legal positions; (4) plaintiffs' likelihood of succeeding on the merits is far from assured, especially in light of caselaw developments since the initial filing of their lawsuit; (5) class counsel and the class representatives support the settlement; and (6) the settlement of this substantial and complex litigation would serve the public interest.

       4.    <u>Fairness Hearing</u>. A hearing is scheduled for <u>Wednesday, November 28, 2018</u>, at **10:00 a.m.** (the "Fairness Hearing") to determine, among other things:

       a)    Whether the Settlement should be approved as fair, reasonable, and adequate;

       b)    Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

       c)    Whether the Class Notice provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and

(iv) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

d) Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

e) Whether the application for payment of attorneys' fees and reimbursement of expenses to Class Counsel should be approved; and

f) Whether the application for Case Contribution Awards for the Class Representatives should be approved.

5. Class Notice. A proposed form of Class Notice is attached as Exhibit 2 to the Settlement Agreement (which is Exhibit A to the Declaration of Mark P. Kindall in Support of Plaintiffs' Motion for Preliminary Approval). With respect to such form of Class Notice, the Court finds that such form fairly and adequately: (a) describes the terms and effect of the Settlement Agreement; (b) notifies the Settlement Class that Class Counsel's attorneys' fees and expenses, and Class Representatives' Case Contribution Awards, will be determined in the sole discretion of the Court and paid according to §§ 8.3 and 8.4 of the Settlement Agreement; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Class Notice may object to any of the relief requested. Further with respect to the form of the Class Notice, the Parties may make non-substantive, administrative changes/edits to the text and form of the Class Notice.

a) By no later than thirty (30) days after entry of this Preliminary Approval Order, Defendants shall cause the Class Notice, with such non-substantive, administrative changes/edits modifications thereto as may be agreed upon by the Parties, to be sent to the last

known address of all members of the Settlement Class by first-class mail. Defendants will pay the cost for sending notice to the Settlement Class as part of the Settlement administration.

b) By no later than thirty (30) days after entry of this Preliminary Approval Order, Plaintiffs will cause the Settlement Agreement and the Class Notice to be published on the website identified in the Class Notice.

c) At least seven (7) days prior to the Fairness Hearing, Class Counsel shall file with the Court proof of timely compliance with the requirements of Paragraph 5(b) above, and Defendants' Counsel shall file with the Court proof of timely compliance with the requirements of Paragraph 5(a) above as well as proof of timely compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

d) By no later Monday, October 29, 2018, Class Counsel shall file motions for final approval of the Settlement, attorneys' fees and expenses, and Case Contribution Awards for the Settlement Class Representatives.

6. Objections to Settlement. Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the application for payment of attorneys' fees and reimbursement of expenses, or to the application for Case Contribution Awards for the Settlement Class Representatives, may timely file an Objection in writing no later than Wednesday, November 14, 2018. Any objection must be signed and must include (a) the case name and number (In re Mercy Health ERISA Litigation, No. 1:16-cv-00441-SJD); (b) the full name, current address, and telephone number of the Class Member making the objection, and (c) a description of the objection, including whatever factual and legal support the objecting Class Members believes to be appropriate. Any objector must also provide the following additional information if the listed conditions apply:

a. If the objecting Class Member intends to call any witnesses in support of his or her objection, he or she must provide the names and addresses or the witnesses, together with a brief summary of their testimony;

b. If the objecting Class Member intends to submit documents in support of his or her objection, her or she must provide copies of each document;

c. If the objecting Class Member is represented by an attorney or attorneys, the objecting Class Member must provide the name(s), address(es) and phone number(s) of each attorney; and

d. If the objecting Class Member previously appeared as an objector, or any attorney representing the objecting Class Member provided legal assistance in preparing an objection, with respect to another class action settlement, the objecting Class Member must provide the name of the case, the court in which the case was filed, and the docket number.

7.     The addresses for filing objections with the Court is as follows:

Clerk of the Court
United States District Court
Southern District of Ohio
Potter Stewart U.S. Courthouse
100 East Fifth Street
Room 103
Cincinnati, OH  45202

Re:     *In re Mercy Health ERISA Litigation*
No. 1:16-cv-00441-SJD-SKB

8.     If an objector hires an attorney to represent him or her for the purposes of making such objection pursuant to this paragraph, the attorney must file a notice of appearance with the Court by no later than <u>Wednesday, November 14, 2018</u>.  Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this

paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.  Any responses to objections shall be filed with the Court no later than <u>Wednesday, November 21, 2018</u>.

9.      <u>Appearance at Fairness Hearing</u>.  Any objector who files and serves a timely, written objection in accordance with paragraph 6 above, may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must indicate that intention in his or her written objection. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

10.      <u>Additional Briefs</u>.  Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than <u>Wednesday, November 21, 2018</u>.

11.      <u>Notice Expenses</u>.  The expense of printing and mailing all notices required shall be paid by the Defendants as provided in § 8.5 of the Settlement Agreement.

12.      <u>Service of Papers</u>.  Defendants' Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

13.      <u>Termination of Settlement</u>.  This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing as of February 26, 2018 (the day before the mediation occurred), if the Settlement is terminated in accordance with the Settlement Agreement.  In such event, Section 10 of the Settlement Agreement shall govern the rights of the Parties.

14.     Use of Order.  If this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants, the Class Representatives or the Settlement Class.

15.     Continuance of Hearing.  The Court may continue the Fairness Hearing without further written notice.

SO ORDERED this 8th day of August, 2018

Hon. Stephanie K. Bowman
U.S. Magistrate Judge