UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
(WESTERN DIVISION)

| | |
|---|---|
| IN RE MERCY HEALTH ERISA LITIGATION | Civil Action No.: 1:16-cv-00441-SJD |

**JOINT DECLARATION OF LAURA R. GERBER, MICHELLE C. YAU AND THOMAS R. THEADO IN SUPPORT OF PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND CASE CONTRIBUTION AWARDS FOR NAMED PLAINTIFFS**

Laura R. Gerber, Michelle C. Yau, and Thomas R. Theado submit this Joint Declaration in Support of Plaintiffs' Motions for Final Approval of Class Action Settlement and For An Award of Attorneys' Fees and Expenses and Case Contribution Awards for Named Plaintiffs. Pursuant to 28 U.S.C. § 1746, we declare as follows:

1.  Laura R. Gerber is a Partner at the law firm of Keller Rohrback L.L.P. ("Keller Rohrback"), 1201 Third Avenue, Suite 3200, Seattle, WA, 98101, and a member in good standing of the bar of the State of Washington. Keller Rohrback was retained in this litigation by Plaintiffs[1] Janet Whaley, Leslie Beidleman, Patricia K. Blockus, Charles Bork, Marilyn Gagne, Karl Mauger, Patricia Mauger, Beth Zaworski, and Nancy Zink (collectively, "Whaley Plaintiffs"). Ms. Gerber has personal knowledge of the facts set forth below and, if called as a witness, she could and would testify competently thereto.

2.  Michelle C. Yau is a Partner at the law firm of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), 1100 New York Avenue N.W., Suite 500, West Tower, Washington,

---

[1] Capitalized terms not otherwise defined in this Joint Declaration shall have the same meaning ascribed to them in the Class Action Settlement Agreement. A copy of the Settlement Agreement is attached as Exhibit 1 to Plaintiffs' Memorandum in Support of Unopposed Motion for Preliminary Approval of Settlement Agreement ("Preliminary Approval Motion").

1

D.C. 20005, and a member in good standing of the bar of the District of Columbia and the Commonwealth of Massachusetts.  Cohen Milstein was retained to represent the Whaley Plaintiffs in this litigation.  Ms. Yau has personal knowledge of the facts set forth below and, if called as a witness, she could and would testify competently thereto.

3. Thomas R. Theado is a Partner at the law firm of Gary, Naegele & Theado, LLC ("Gary, Naegele & Theado"), Duane Building, 401 Broadway Ave., Unit 104, Lorain, Ohio, 44052-1745, and a member in good standing of the bar of the State of Ohio.  Mr. Theado represents the Whaley Plaintiffs in the above-captioned action as local counsel ("Whaley Local Counsel").  Mr. Theado has personal knowledge of the facts set forth below and, if called as a witness, he could and would testify competently thereto.

4. Before filing the Class Action Complaint (the "Whaley Complaint"), *Whaley v. Mercy Health*, 16-00518-SJD (S.D. Ohio), ECF No. 1, the law firms of Keller Rohrback and Cohen Milstein (collectively, "Whaley Counsel") developed the legal theories concerning whether hospital systems such as Mercy Health, with a history of religious affiliation are entitled to claim that their pension plans are exempt from ERISA as "church plans," defined in 29 U.S.C. § 1002(33). Whaley Counsel concluded, based upon their investigation, that this was a narrow exemption intended for churches, and that health systems were improperly claiming the exemption.

5. Whaley Counsel thereafter conducted a thorough factual and legal investigation and review of Mercy Health's corporate filings, its business activities and those of its subsidiaries.  Whaley Counsel's investigation included, *inter alia*, (a) inspecting, reviewing, and analyzing financial statements, bond offerings, corporate records and regulatory filings concerning Mercy Health, (b) reviewing news articles and publicly available information for

insight into the company and its treatment of its purported church plans; (c) speaking with participants in the Mercy Health Plans and reviewing their plan documents and records, especially as they related to vesting provisions, and lump sum offers made by certain Mercy Plans; (d) researching publicly available information relating to Defendants, the Plans, and the administration and funding of the Plans; and (e) reviewing, analyzing and researching the applicable law with respect to the claims asserted in this case and the possible defenses thereto.

6. Whaley Counsel were initially retained by Ms. Janet Whaley (a participant in the St. Vincent Retirement Plan) and Ms. Leslie Beidleman (a participant in the St. Vincent Retirement Plan and Mercy Health Partners – Northern Region Retirement Plan (Cash Balance)). Those two firms then coordinated with Mr. Thomas R. Theado of Gary, Naegele, & Theado to serve as local counsel to assist in the preparation and filing of the original complaint.

7. The Whaley Complaint was filed on May 3, 2016, *see Whaley v. Mercy Health*, 16-00518-SJD (S.D. Ohio), ECF No. 1.

8. After the Whaley Complaint was filed, the Whaley Counsel were retained by additional participants in the Mercy Plans, including, Ms. Patricia K. Blockus (a participant in the Mercy Health System Wilkes Barre Cash Balance Plan); Mr. Charles Bork (a participant in the Mercy Health Partners – Northern Region Retirement Plan (St. Vincent) and the Mercy Health Partners – Northern Region Retirement Plan (Cash Balance)); Ms. Marilyn Gagne (a participant in the Mercy Health Partners – Northern Region Retirement Plan (St. Vincent) and the Mercy Health Partners – Northern Region Retirement Plan (Cash Balance)); Mr. Karl Mauger (a participant in the Mercy Health Partners Pension Plan/Mercy Health Partners (NEPA)); Ms. Patricia Mauger (a participant in the Mercy Health Partners Pension Plan/Mercy Health Partners (NEPA)); Ms. Beth Zaworski, (a participant in the Community Health Partners' Pension

3

Plan, the Catholic Health Partners Pension Plan, the Mercy Employees' Defined Benefit Pension Plan, the Community Health Partners of Ohio Employees' Defined Benefit Pension Plan, and the Community Health Partners of Ohio Defined Benefit Retirement Plan); and Ms. Nancy Zink (a participant in the Mercy Health Partners – Northern Region Retirement Plan (St. Vincent) and the Mercy Health Partners – Northern Region Retirement Plan (Cash Balance)).  On June 24, 2016, the Whaley Plaintiffs filed an Amended Class Action Complaint, ECF No. 26.

9. The *Whaley* Complaints were based on in-depth independent investigations by the Whaley Counsel, and contained additional facts and legal theories that were not in the complaint filed in *Lupp v. Mercy Health*, No. 1:16-cv-441 (S.D. Ohio), ECF No. 1, including, (a) claims to remedy the improper vesting schedules for the cash balance plans; (b) claims to retroactively and prospectively amend the Plans that provide a lump sum option to comply with ERISA's requirements and to pay participants additional monies to which they were entitled; (c) a claim for civil money penalties; (d) a claim under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) and §502(a)(3), 29 U.S.C. §1132 (a)(3) for clarification of future benefits to ensure that the vested benefits of all participants are in compliance with ERISA; and (e), an as-applied claim that the statute violates the Establishment Clause.

10. On July 14, 2016, the Whaley Plaintiffs filed a notice of consent to consolidate the *Whaley* action with the *Lupp* action, ECF No. 33.  On July 21, 2016, the actions were consolidated, ECF No. 35.

11. From the time that the initial Whaley Complaint was filed through the date when Lead Counsel were appointed on March 21, 2017, the Whaley Counsel conducted an in-depth factual and legal investigation, met with clients Janet Whaley, Leslie Beidleman, Charles Bork, Marilyn Gagne, Beth Zaworski, and Nancy Zink in-person and telephonically to collect

4

documents and further investigate claims, met with clients Patricia Blockus, Karl Mauger, and Patricia Mauger telephonically to collect documents and further investigate claims, communicated with over 150 other participants in the Mercy Plans pursuant to their factual investigation, kept the Whaley Plaintiffs informed as to the progress of the action, retained an expert to assist in investigation of technical legal claims concerning vesting and lump sum calculations, drafted and filed an Amended Class Action Complaint, coordinated and agreed upon a leadership structure with counsel at the law firm of Gainey McKenna & Egleston relating to the filing of the *Alban v. Mercy Health*, 16-00726-MRB (S.D. Ohio) matter, propounded discovery, briefed contested leadership motions, and briefed motions to stay relating to Supreme Court proceedings.

12. Following appointment of lead counsel, the Whaley Counsel have worked under the direction of lead counsel, have kept our clients informed of progress in the action, have reviewed and edited pleadings, including the Master Consolidated Complaint, *In re Mercy Health ERISA Litig.*, No. 16-00441 (S.D. Ohio), ECF No. 66, and the opposition to Defendants' motion to dismiss briefing, ECF Nos. 72, 73. Counsel from Keller Rohrback also participated in the mediation in Chicago, and have reviewed and edited documents concerning the settlement of this matter.

13. Prior to instigating suit, and throughout the course of the litigation and the parties' negotiations, the Whaley Counsel worked with the Whaley Plaintiffs to investigate the facts, circumstances, and legal issues associated with the allegations and defenses in the action, meeting in-person with Whaley Counsel and/or participating in numerous telephonic conversations with Whaley Counsel and also lead counsel, including with respect to the Settlement. Over the course of the litigation, the Whaley Plaintiffs have been actively involved

in advancing the case and achieving the best possible result for the class.  Throughout the course of the litigation and during the parties' negotiations, the Whaley Plaintiffs collected and provided to counsel thousands of pages of documents, reviewed and approved the complaints and other major filings, maintained contact with Lead Counsel, and stayed abreast of settlement negotiations.  The Whaley Plaintiffs were prepared to make themselves available for a deposition by Defendants if the case proceeded into discovery, to respond to discovery requests, and to appear at trial.

14. After consultation and discussions with each of the Whaley Plaintiffs of the terms of the proposed Settlement, all of the Whaley Plaintiffs support the proposed Settlement.  Based on our experience with the litigation and similar cases being litigated across the country, Whaley Counsel also support the proposed Settlement and believe that it is fair and reasonable in light of the litigation risks.

15. The two lead law firms representing the Whaley Plaintiffs—Keller Rohrback and Cohen Milstein—are well-versed in class action litigation, and church plan litigation, in particular.  Keller Rohrback and Cohen Milstein and have been litigating church plan cases since 2010.  *See Thorkelson v. Publ'g House of the Evangelical Lutheran Church in Am.*, No. 10-1712 (D. Minn. filed Apr. 21, 2010).  Keller Rohrback and Cohen Milstein serve, or have served, as co-counsel in roughly 20 cases pending across the country involving claims by other hospital systems that their plans qualify as "church plans."  Keller Rohrback and Cohen Milstein were jointly responsible for litigating the *Advocate Health Care Network v. Stapleton* matter at the Supreme Court, 137 S. Ct. 1652 (2017).  To our knowledge, only a handful of firms across the country have expertise in this very specialized area of the law.

16.     A true and correct copy of the firm resume detailing the experience of Keller Rohrback in ERISA cases and church plan cases is attached hereto as Exhibit A.

17.     A true and correct copy of the firm resume detailing the experience of Cohen Milstein in ERISA cases and church plan cases is attached hereto as Exhibit B.

18.     Attached hereto as Exhibits C, D and E are charts showing time, lodestar and expenses in this litigation for Keller Rohrback, Cohen Milstein and Naegele & Theado, respectively.  The charts are based on each firm's contemporaneous time records, and break out the hours and rates for each attorney and paralegal.  The charts also show the number of years each attorney has been engaged in the practice of law.  We are the partners who oversaw or conducted the day-to-day activities in the case, and oversaw the review of time records in connection with the preparation of this declaration. As a result of the review, we made reductions to certain of the time entries such that the time included in Exhibits C, D, and E reflect that exercise of billing judgment. An additional chart shows the breakdown of each firm's (and each time-keeper's), reported time by each of the key tasks that were performed over the course of the litigation (initial complaint; 23(g) issues; discovery; amended complaints, motions to dismiss, miscellaneous motions and scheduling, mediation/settlement, preliminary approval briefing, client contact, communications with other class members and final approval).

19.     The time reflected in each firm's lodestar calculation was reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. Counsel for the Whaley Plaintiffs prosecuted this case on a wholly contingent basis, and have received no compensation to date for either their litigation expenses or their time.

7

20. The hourly rates listed are each firm's standard hourly rates, which have been reflected in fee awards in other judicial settlement hearings, and they are consistent with rates approved in other class action cases and church plan cases.

21. In the course of our nationwide practice, attorneys at Keller Rohrback and Cohen Milstein have worked with many of the firms that typically represent plaintiffs in ERISA class actions nationwide, just as, in this case, we are working collaboratively with attorneys from KTMC and IKR. As a result, we are familiar with the rates charged by other firms in our industry. Firm's rate structures are not identical. However, in our experience each firm's rates are broadly in line with rates of other firms with nationwide ERISA class action practices, and have been the basis for awards of fees in courts around the country.

22. The expenses shown in Exhibits C, D and E were advanced and actually incurred in the litigation of this case as reflected in the books and records of each firm. These books and records are prepared from receipts, expense vouchers, check records and other documents and are an accurate record of the expenses. These expenses were necessary to the prosecution of the case, and are of the type that would be billed to hourly clients of the firms.

23. We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of October, 2018, in Seattle, Washington.

By: *s/ Laura R. Gerber*
Laura R. Gerber
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Tel.: (206) 623-1900
Fax: (206) 623-3384
lgerber@kellerrohrback.com

Executed this 26th day of October, 2018, in Washington, D.C.

By: *s/ Michelle C. Yau by s/ Laura R. Gerber per email authorization*
Michelle C. Yau
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
myau@cohenmilstein.com

Executed this 26th day of October, 2018, in Lorain, Ohio.

By: *s/ Thomas R. Theado by s/ Laura R. Gerber per email authorization*
Thomas R. Theado
**GARY, NAEGELE & THEADO, LLC**
Duane Building
401 Broadway Ave., Unit 104
Lorain, Ohio 44052-1745
Tel.: (440) 244-4809
Fax: (440) 244-3462
TTheado@GNTLaw.com