FILED
RICHARD W. NAGEL
CLERK OF COURT

2018 NOV 28 AM 11: 50

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
(WESTERN DIVISION)

| | |
|---|---|
| IN RE MERCY HEALTH ERISA LITIGATION | No.: 1:16-cv-00441-SKB |

## ORDER AND FINAL JUDGMENT

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), set forth in Plaintiffs' Complaint dated September 14, 2017, with respect to the Plans.[1]

---

[1] This Judgment incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully here. As set forth in the Settlement Agreement, the following Plans are included in the Settlement:

(a) **Mercy Health Partners - Northern Region Retirement Plan (St. Charles, St. Vincent, St. Anne) (Toledo)** (including the following merged plans: the St. Charles Mercy Hospital Retirement Plan, the St. Vincent Medical Center Defined Benefit Plan, the Riverside Mercy Hospital Retirement Plan (also known as the St. Anne Mercy Hospital Retirement Plan), the Mercy Hospital Plan of Tiffin, Ohio), and the Mercy Health Partners - Northern Region Retirement Plan (Tiffin));

(b) **St. Rita's Medical Center Retirement Plan (Lima);**

(c) **Community Health Partners Regional Medical Center Employees' Defined Benefit Pension Plan (Lorain)** (including the following merged plans: the St. Joseph Hospital and Health Center Defined Benefit Pension Plan and the Lakeland Community Hospital Defined Benefit Pension Plan);

(d) **Retirement Plan for Employees of Humility of Mary Health Partners (Youngstown)** (including the following merged plans: the Retirement Plan for Employees of St. Elizabeth Hospital Medical Center and the Retirement Plan for Employees of St. Joseph Riverside Hospital);

(e) **Mercy Health Partners Pension Plan (Northeast Pennsylvania)** (including the following merged plans: Mercy Health Partners Pension Plan (NEPA - Scranton), the Mercy Health System Northeast Region Defined Benefit Plan 1, the Mercy Health System Northeast Region Defined Benefit Plan 2), as well as the Mercy Health Partners Wilkes-Barre Employees' Pension Plan (NEPA - WB));

1

This matter came before the Court for a hearing pursuant to Federal Rule of Civil Procedure 23(e) on the application of the Parties for approval of the Settlement set forth in the Class Action Settlement Agreement ("Settlement Agreement"), executed on July 13, 2018. Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order (ECF No. 85) and Revised Preliminary Approval Order (ECF No. 91), and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this action and all Parties to the Action, including all members of the Settlement Class.

2. On August 8, 2018, (ECF No. 85), pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1) or alternatively (b)(2), the Court preliminarily certified the following Settlement Class:

> All present or past participants of the Plans (both vested and non-vested) or beneficiaries of the Plans as of the Effective Date of the Settlement.

---

(f) **Mercy Health System - Western Ohio Retirement Plan (Springfield Mercy)** (including the following merged plans: the Mercy Memorial Hospital Retirement Plan, the Mercy Medical Center Retirement Plan, the Mercy Health System – Western Ohio Acute Care Facility Retirement Plan, the Mercy Siena Nursing Home Retirement Plan, the McAuley Center Retirement Plan, and the Mercy Health System – Western Ohio Long Term Retirement Plan); and

(g) **Mercy Health Partners of Greater Cincinnati Retirement Plan (Cincinnati)** (including the following merged plans: the Anderson Mercy Hospital Plan, the Sisters of Mercy of Hamilton, Ohio Retirement Plan, and the Clermont Mercy Hospital Retirement Plan).

3. The Court finds after a hearing and based upon all submissions of the Parties that the Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representatives and Class Counsel.

4. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5. Alternatively, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

6. Pursuant to Federal Rule of Civil Procedure 23(a) the Court finds that David Lupp, Janet Whaley, Leslie Beidelman, Patricia Blockus, Charles Bork, Marilyn Gagne, Karl Mauger, Patricia Mauger, Beth Zaworski, Nancy Zink, Mary Alban, and Linda Derrick are members of the Settlement Class, their claims are typical of those of the Settlement Class and they fairly and adequately protected the interests of the Settlement Class in this Action. Accordingly, the Court hereby appoints David Lupp, Janet Whaley, Leslie Beidelman, Patricia Blockus, Charles Bork, Marilyn Gagne, Karl Mauger, Patricia Mauger, Beth Zaworski, Nancy Zink, Mary Alban, and Linda Derrick as Class Representatives.

7. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Izard, Kindall & Raabe LLP and Kessler Topaz Meltzer & Check, LLP as Class Counsel and Strauss Troy Co., LPA as Liaison Counsel to represent the members of the Settlement Class.

8. The Court directed that Class Notice be given pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed notice program: (1) On or about August 23, 2018, Class Counsel posted the Settlement Agreement and Class Notice to the Settlement website: http://ikrlaw.com/file/mercy-health/; and (2) on or about August 29, 2018, Defendants caused to be mailed approximately 37,433 copies of the Notice of Class Action Settlement to members of the Settlement Class. On or about October 1, 2018, in accordance with the Court's September 27, 2018 Order (ECF No. 91), Defendants caused an additional 4,459 members of the Settlement Class.

9. The Class Notice and Internet/Publication of Class Notice (collectively, the "Class Notices") advised members of the Settlement Class of the: terms of the Settlement, Fairness Hearing and the right to appear at such Fairness Hearing; inability to opt out of the Settlement Class; right to object to the Settlement, including the right to object to the application for an award of attorneys' fees and reimbursement of expenses, or the Case Contribution Awards to the Class Representatives; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class, including the scope of the Released Claims described in Section 4 of the Settlement Agreement.

10. The Class Notices met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, and any other applicable law. The Court further finds that Notice in the form approved by the Court complied fully with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that it constituted the best practicable notice under the circumstances. The Court also finds that Defendants complied with their CAFA responsibilities. The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, the right to object to the proposed Settlement, the right to appear at the Fairness Hearing, through counsel if desired, and the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in Section 4 of the Settlement Agreement.

11. The Court finds after a hearing and based upon all submissions of the Parties and interested persons that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

a) The Settlement provides that, for a period of nine (9) years after the effective date of the Settlement, Mercy Health shall (i) guarantee (and ensure that any successor of Mercy Health will guarantee) that the trust funds for each of the Plans shall have sufficient funds to pay the benefits that are due; (ii) makes a Plan summary available to Settlement Class Members electronically; (iii) makes up-to-date information concerning Plan benefits, including information

about accrued and projected benefits, available to Settlement Class Members either through a toll-free number, a website or a printed statement. Furthermore, Defendants will pay $450 to certain defined Settlement Class Members who took voluntary lump-sum distributions of a traditional annuity benefit from the Mercy Health Partners-Northern Region Retirement Plan, the Mercy Health Partners of Greater Cincinnati Retirement Plan or the St. Rita's Medial Center Retirement Plan during the time period from January 1, 2011 through February 27, 2018. In exchange, Plaintiffs and the Settlement Class will provide a release of claims as set forth below.

b) The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted for over three months in good faith and with the assistance of a mediator. The Settlement is not the result of collusion.

c) Those negotiations followed Defendants' filing of a motion to dismiss which included voluminous documents, all of which Class Counsel reviewed. The absence of formal discovery in this case in no way undermines the integrity of the Settlement given the extensive investigation that has occurred as a result of proceedings thus far.

d) Those proceedings gave Class Counsel the opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses. Class Counsel were cognizant that there was no guarantee of a successful litigation outcome.

e) Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice. Defendants denied and continue to deny Plaintiff's claims and allegations against it, and raised various factual and legal arguments in support of its vigorous defense in this Action.

12. Based on the record before the Court and the findings set out in this Order, the Court approves and adopts the Settlement.

13. All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement Agreement, including the scope of the Released Claims described in Section 4 of the Settlement Agreement.

14. None of the Settlement Agreement, this Judgment, nor the fact of the Settlement itself constitutes any admission by any of the Parties of any liability, wrongdoing or violating of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

15. The Court hereby dismisses with prejudice the Action and all Released Claims identified in Section 4 of the Settlement Agreement against each and all Releasees and without costs to any of the Parties as against the others. The Court hereby orders that on the Effective Date of this Settlement Agreement the Class Representatives, David Lupp, Janet Whaley, Leslie Beidelman, Patricia Blockus, Charles Bork, Marilyn Gagne, Karl Mauger, Patricia Mauger, Beth Zaworski, Nancy Zink, Mary Alban, and Linda Derrick, as well as the members of the Settlement Class release any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs under federal or state laws arising out of the allegations of the Complaint that were brought or could have been brought as of the date of the

Settlement Agreement by any member of the Settlement Class, including the distributions to the Lump Sum Class Members, any current or prospective challenge to the Church Plan status of the Plans, whether or not such claims are accrued, whether already acquired or subsequently acquired, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, or otherwise. Notwithstanding the foregoing, Released Claims are not intended to include the release of any of the following: (a) any rights or duties arising out of the Settlement Agreement; (b) individual claims for benefits brought under state law (provided that no Settlement Class member shall challenge the Plan's status as a church plan exempt from ERISA in any such claim); (c) claims related to any other plan that is merged into or consolidated with any of the Plans after April 26, 2018; (d) any prospective claims under ERISA that might arise if the Roman Catholic Church ever disassociates itself from the Plans' sponsors, unless the Plans' sponsors promptly associate with another church; and (e) any claim arising under ERISA with respect to any event occurring after: (i) the Internal Revenue Service issues a written ruling that the Plan(s), or any of them, do not qualify as a church plan (limited only to claims by members of the Plan or Plans covered by such a ruling), (ii) a Plan makes an election under IRC § 410(d) to be covered by ERISA (limited on to claims by members of the Plan or Plans that make such an election); (iii) an amendment to ERISA is enacted and becomes effective as a law of the United States eliminating the Church Plan exemption in ERISA; or (iv) the Roman Catholic Church claims no association with the Plans' Sponsor.

16. In connection with the Released Claims, as of the Effective Date of the Settlement Agreement, each member of the Settlement Class is deemed to have waived any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code relinquishes, to the fullest

8

extent permitted by law and equity, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor and any and all provisions, rights and benefits of any similar statute, law or principle or common law of the United States, any state thereof, or any other jurisdiction."

17. The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

18. Class Counsel is hereby awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 23(h), in the amount of $779,531.20 which the Court finds to be fair and reasonable, and 46,468.80 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

19. Class Counsel has moved for Case Contribution Awards for Class Representatives David Lupp, Janet Whaley, Leslie Beidelman, Patricia Blockus, Charles Bork, Marilyn Gagne, Karl Mauger, Patricia Mauger, Beth Zaworski, Nancy Zink, Mary Alban, and Linda Derrick. The Court hereby grants in the amount of $2,000.00 each Class Counsel's motion for Case Contribution Awards to the Settlement Class Representatives.

20. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

SO ORDERED this 28 day of November, 2018

*Stephanie K. Bowman*
Hon. Stephanie K. Bowman
U.S. Magistrate Judge